■ 82-04 LEFFERTS TENANTS, CORP., Respondent, v FEDERAL INSURANCE COMPANY, Appellant. [796 NYS2d 693]—

Appeal by the Federal Insurance Company from (1) so much of an order of the Supreme Court, Queens County (Glover, J.), dated January 9, 2004, as, upon severing its cross claim for judgment declaring that it is obligated to defend and indemnify 82-04 Lefferts Tenants Corp. in a proceeding entitled *Matter of Jain v 82-04 Lefferts Tenants Corp.*, pending in the Supreme Court, Queens County, under index No. 11744/97, denied that branch of its motion which was for summary judgment, and (2) an order of the same court dated February 4, 2004, which, inter alia, amended the caption of the action to designate 82-04 Lefferts Tenants, Corp. as the plaintiff and it as the defendant.

Ordered that the order dated January 9, 2004, is reversed insofar as appealed from, on the law, that branch of the appellant's motion which was for summary judgment is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the appellant is not obligated to defend and indemnify 82-04 Lefferts Tenants Corp. in the proceeding entitled *Matter of Jain v 82-04 Lefferts Tenants Corp.*, pending in the Supreme Court, Queens County, under index No. 11744/97; and it is further,

Ordered that the appeal from the order dated February 4, 2004, is dismissed as academic in light of the determination of the appeal from the order dated January 9, 2004; and it is further,

Ordered that one bill of costs is awarded to the appellant.

In support of its motion for summary judgment, the appellant made a prima facie showing of entitlement to judgment as a matter of law. It demonstrated that 82-04 Lefferts Tenants Corp. (hereinafter Lefferts) sought a defense and indemnification with respect to litigation which was substantially the same as other, pending litigation of which it had knowledge prior to the effective date of the insurance policy at issue in this case. Thus, the appellant established that the litigation was excluded from coverage pursuant to a policy endorsement (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zunenshine v Executive Risk Indem.*, 1998 WL 483475, 1998 US Dist LEXIS 12699 [SD NY, Aug. 17, 1998], *affd* 182 F3d 902 [1999]; *LaValley v Virginia Sur. Co., Inc.*, 85 F Supp 2d 740 [ND Ohio 2000]). In opposition to the motion, Lefferts failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the appellant is not obligated to defend and indemnify Lefferts in the proceeding entitled *Matter*

*of Jain v 82-04 Lefferts Tenants Corp.*, pending in the Supreme Court, Queens County, under index No. 11744/97 (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). H. Miller, J.P., Ritter, Mastro and Lifson, JJ., concur.